IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CRAIG TROYER,

    *Plaintiff,*

v.

FRONTIER AIRLINES, INC.

    *Defendant.*

## COMPLAINT & JURY DEMAND

Plaintiff, Craig Troyer, sues Defendant, Frontier Airlines, Inc., a Colorado corporation, and alleges as follows:

### Jurisdictional Allegations

1. This action involves an injury sustained aboard a Frontier Airline domestic flight.

2. This court has Subject Matter Jurisdiction, pursuant to 28 U.S.C.A. §1332, because the amount in controversy is in excess of the Court's seventy-five thousand dollar ($75,000.00} jurisdictional limit, excluding interests and costs and the Plaintiff is diverse from the Defendant.

3. Plaintiff is a resident of the State of Florida.

4. Defendant, Frontier Airlines, (hereinafter, "Frontier"), is a corporation organized under the laws of the State of Colorado and is in the commercial airline business. Frontier is a

COMPLAINT & JURY DEMAND
Troyer vs. Frontier Airlines, Inc.

1

certificated air carrier and carries passengers or hire as a scheduled airline operating under 14 CFR § 121.

5. This Court has general Personal Jurisdiction over Frontier because it is a resident of Colorado.[1]

6. Venue is proper in the District of Colorado, pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), because Frontier resides in Denver, Colorado.

7. As a federal court sitting in diversity, the substantive law of Colorado, including its "most significant contacts" choice-of-law rules apply to this action.[2]

## General Allegations

8. On Thursday, February 8, 2018, Plaintiff and his wife, Marcie Troyer, were passengers aboard Frontier flight F91746, an overnight "red-eye" departing from San Diego, California at 9:55 p.m. and arriving in Orlando, Florida at 5:50 a.m. the next day. (hereinafter, "Flight").

9. As a scheduled airline, Frontier is required by Federal Aviation Regulations to staff its Flight with certificated flight attendants.

10. At all times material, the flight attendants aboard the Flight were employees of Frontier, acting in the course and scope of their employment and, as such, Frontier is vicariously liable for any negligent acts or omissions committed by them.[3]

---

[1] BNSF Ry. v. Tyrrell, 137 S. Ct. 1549, 1552 n.3 (2017).
[2] AE, Inc. v. Goodyear Tire & Rubber Co., 168 P.3d 507, 508 (Colo. 2007).
[3] Ferrer v. Okbamicael, 2017 CO 14M, ¶ 20 n.4, 390 P.3d 836, 842 (Colo. 2017).

COMPLAINT & JURY DEMAND
Troyer vs. Frontier Airlines, Inc.

2

11. During the Flight, Frontier's flight attendants extinguished the cabin lights and Mr. Troyer fell asleep in his aisle seat on the starboard side of the aircraft.

12. At the time, Mr. Troyer was utilizing his seat as expected and no part of his lower extremities were in the aisle.

13. Suddenly, and without any warning whatsoever, Mr. Troyer was struck by a heavy metal service cart being pushed through the aisle by two of Frontier's flight attendants.

14. The service cart struck the outside of Mr. Troyer's left knee, jamming it into the seatback ahead, crushing his knee.

15. Mr. Troyer immediately notified the flight attendants of his injury and intense pain.

16. As a direct and proximate result of the incident, Plaintiff Craig Troyer was injured.

## COUNT I
*Negligence*

Plaintiff re-alleges, and incorporates by reference, the allegations set forth in paragraphs one (1) through sixteen (16) above, and alleges further:

17. As the common carrier, Frontier enjoyed a special relationship with Plaintiff Craig Troyer, it's passenger, to whom it owed a heightened duty to exercise the highest degree of care and the slightest deviation from this constitutes negligence toward the passenger under Colorado law.[4]

18. Frontier's flight attendants breached the airline's heightened duty of care in the following manner or respects with regards to its operation of beverage carts on board its flights:

---

[4] Garcia v. Colo. Cab Co. Ltd. Liab. Co., 2019 COA 3, ¶ 12; Publix Cab Co. v. Fessler, 138 Colo. 547, 552, 335 P.2d 865, 868 (1959).

COMPLAINT & JURY DEMAND
Troyer vs. Frontier Airlines, Inc.

3

a).   by failing to sufficiently illuminate the cabin so that flight attendants can clear the aisle for obstacles before pushing carts through the aisle;

b).   by failing to operate its beverage cart at a safe pace;

c).   by failing to audibly warn passengers before using the cart;

d).   by failing to ensure that its beverage cart did not strike passengers;

e).   by failing to keep its beverage cart in safe working order by properly repairing, inspecting and testing it; and,

f).   other acts or omissions to be determined.

19.   As a direct and proximate result of Defendant Frontier's negligence, as aforesaid, Plaintiff Craig Troyer sustained bodily and psychological injuries that are permanent, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of his life, the expense of his hospitalization, medical, surgical, nursing and rehabilitative care in the past and in the future, his loss of earnings in the past and future, as well as his ability to earn money in the future, and any aggravation of a previously existing condition. These losses are permanent or continuing in nature and Mr. Troyer will suffer those losses in the future.

Wherefore, Plaintiff Craig Troyer seeks judgment for damages and costs of this action and prejudgment interest[5] against Defendant, Frontier Airlines, Inc., and demands a trial by jury on all issues triable.

---

[55] See C.R.S. 13-21-101(1).

COMPLAINT & JURY DEMAND
Troyer vs. Frontier Airlines, Inc.

4

        s/ Barry E. Newman

Barry E. Newman, Esq.
Florida Board Certified Aviation Lawyer
Florida Bar No.: 0246300
Spohrer & Dodd, P.L.
76 S. Laura Street, Ste 1701
Jacksonville, FL 32202
(904) 309-6500
(904) 309-6501 Facsimile
bnewman@sdlitigation.com
Counsel for Plaintiff

COMPLAINT & JURY DEMAND
Troyer vs. Frontier Airlines, Inc.

5