**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00057-DDD-NYW

CRAIG TROYER,

 *Plaintiff*,

v.

FRONTIER AIRLINES, INC.,

 *Defendant*.

---

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO COMPLAINT
AND JURY DEMAND**

---

 Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, respectfully submits its Answer to Plaintiff CRAIG TROYER's ("Plaintiff") Complaint & Jury Demand as stated below.

**Response to Jurisdictional Allegations**

 1. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies same.

 2. The allegations set forth in Paragraph 2 constitute conclusions of law, and, as such, no response is required. To the extent a response is deemed required, Frontier denies the allegations of Paragraph 2.

 3. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 3.

 4. Frontier admits The allegations set forth in Paragraph 4.

5.      The allegations set forth in Paragraph 5 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier admits it is a resident of Colorado.

6.      The allegations set forth in Paragraph 6 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier admits that venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (c)(2).

7.      The allegations set forth in Paragraph 7 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier admits that a federal court exercising diversity jurisdiction applies the choice of law provisions of the forum state in which it is sitting — here, Colorado.

## Response to General Allegations

8.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.      The allegations set forth in Paragraph 9 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier denies the allegations of Paragraph 9.

10.      The allegations set forth in Paragraph 10 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier denies the allegations of Paragraph 10.

11.      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 13.

14.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 14.

15.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 15.

16.     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 16.

**Response to Count 1 – Negligence**

Frontier re-alleges and incorporates its answers to Paragraphs 1 – 16 as if fully set forth herein.

17.     The allegations set forth in Paragraph 17 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier denies the allegations of Paragraph 17.

18.     The allegations set forth in Paragraph 18 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier denies the allegations of Paragraph 18, including sub-parts (a) through (f).

19.     The allegations set forth in Paragraph 19 constitute conclusions of law, and, as such, no response is required.  To the extent a response is deemed required, Frontier denies the allegations of Paragraph 19.

## GENERAL DENIAL

Frontier denies all allegations in Plaintiff's Complaint not expressly admitted herein.

## ADDITIONAL DEFENSES

1.      Plaintiff fails, in whole or in part, to state a cause of action upon which relief can be granted.

2.      Plaintiff's damages, if any, were the proximate result of a superseding and/or intervening cause or circumstance.

3.      To the extent that Plaintiff's injuries and/or damages, if any, were proximately caused by the sole or comparative negligence of Plaintiff, such negligence bars or reduces all of Plaintiff's claims and damages under C.R.S. § 13-21-111.

4.      Plaintiff's damages, if any, are reduced by the amount, if any, by which Plaintiff has received payment from any collateral source within the scope of C.R.S. § 13-21-111.6 or Colorado's common law collateral source rule.

5.      To the extent that Plaintiff seeks recovery for any non-economic damages, any such recovery is limited by the provisions set forth in C.R.S. § 13-21-102.5.

6.      Plaintiff may have failed to take reasonable steps under the circumstances to minimize, avoid, or mitigate whatever damages, if any, he may have sustained.

7.      Plaintiff's injuries or damages, if any, are solely the result of pre-existing conditions.

8.      Plaintiff's damages, if any, may be the fault of a third party for whom Frontier is not responsible. Frontier reserves the right to designate non-parties at fault pursuant to C.R.S. § 13-21-111.5(3)(b).

4

9.      Plaintiff's Complaint may be barred, in whole or in part, by the applicable statute of limitations and/or contractual time limits on bringing claims.

10.      Plaintiff's claims may be barred in whole or in part and/or preempted by federal law.

11.      Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Colorado.

12.      Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable or responsible.  In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification, contribution or apportionment of liability and fault pursuant to applicable law.

13.      The damages, if any, of Plaintiff may have been directly and proximately caused by an unavoidable accident or act of God for which Frontier is not liable.

14.      Plaintiff has failed to join necessary and indispensable parties.

15.      Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

16.      Plaintiff's claims may be barred in whole or in part by *res judicata*, collateral estoppel, laches, and/or waiver.

17.      Some or all of Plaintiff's claims and available damages may be barred by virtue of prior settlements with respect to Plaintiff.

18.      Some or all of Plaintiff's claims may be barred in whole or in part because he

may have already received full satisfaction and/or compensation for the injuries and damages, if any, and his claims may be barred by Plaintiff's prior release of claims and/or accord and satisfaction with any entity.

19.     Plaintiff's claims are barred, in whole or in part, by contractual release, disclaimer and/or limitations of remedies entered into by Plaintiff or third parties.

20.     Plaintiff's claims are governed, barred and/or limited by the tariff provisions and/or other conditions of carriage pursuant to which Plaintiff was traveling as a passenger.

21.     Plaintiff's claims are governed, barred, and/or limited by the Federal Aviation Act, 49 U.S.C.S. § 40101 et seq. and regulations promulgated thereunder.

Frontier respectfully requests leave of Court to assert any additional or appropriate defenses, or to delete defenses contained herein, following discovery or at trial when the allegations of Plaintiff's Complaint and the issues formulated thereby have become more definite and certain.

WHEREFORE, FRONTIER AIRLINES, INC. respectfully requests that the Court enter judgment in its favor and against Plaintiff, and award Frontier its costs together with such other relief as the Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED.**

Dated: January 31, 2020                    Respectfully submitted,

                                           /s/ Brian T. Maye
                                           _____

                                           Brian T. Maye
                                           Meaghan A. Fontein
                                           Adler Murphy & McQuillen LLP

20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
bmaye@amm-law.com
mfontein@amm-law.com

Attorneys for Defendant Frontier Airlines, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 31, 2020, he served the foregoing document by electronically filing the same with the Clerk of the U.S. District Court for the District of Colorado by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Brian T. Maye