**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-CV-00057

CRAIG TROYER,

Plaintiff,

 v.

FRONTIER AIRLINES, INC.,

Defendant.

---

**PROPOSED SCHEDULING ORDER**

---

**1.      DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

A Scheduling/Planning Conference will be held on March 24, 2020 at 9:30 a.m. in Courtroom A-502, 5th Floor, Alred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, before the Honorable Magistrate Judge Nina Y. Wang. It is anticipated that the following attorneys will appear to represent the parties:

    a.      Counsel for Plaintiff Craig Troyer:

        Barry E. Newman
        Spohrer & Dodd, P.L.
        76 S. Laura Street, Ste. 1701
        Jacksonville, FL 32202

    b.      Counsel for Defendant Frontier Airlines, Inc.:

        Brian T. Maye
        Adler Murphy & McQuillen LLP
        20 S. Clark Street, Suite 2500
        Chicago, IL 60603

2.      **STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, excluding costs and interest.

3.      **STATEMENT OF CLAIMS AND DEFENSES**

     a.      **Plaintiff:**

On Thursday, February 8, 2018, Craig Troyer was a passenger aboard an overnight "red-eye" Frontier Airlines flight from California to Florida. With the cabin lights out, and while most of the passengers were asleep, flight attendants negligently struck Plaintiff's knee while pushing a heavy metal service cart through the cabin. The injuries were severe and required surgical intervention.

     b.      **Defendant:**

Frontier denies that any beverage cart contacted Plaintiff's knee during the subject flight. Assuming, *arguendo*, that a beverage cart had contacted Plaintiff's knee, such contact was not the cause of Plaintiff's alleged knee injury.  Defendant Frontier Airlines, Inc. denies liability, and disputes causation and the nature and extent of Plaintiff's alleged injuries and damages.

4.      **UNDISPUTED FACTS**

     a.      Jurisdiction and venue are proper.

     c.      Plaintiff Craig Troyer was a properly ticketed passenger on Frontier flight 1746 with service from San Diego, CA (SAN) to Orlando, FL (MCO) on February 8, 2018.

     d.      The flight attendants operating the service cart were employees of Frontier Airlines, acting within the course and scope of their employment at the time of the alleged injury.

5.      **COMPUTATION OF DAMAGES**

**Plaintiff**:      Plaintiff seeks recovery of economic and non-economic damages, prejudgment interest and litigation costs in excess of $75,000.

**Defendant**:      Defendant is not claiming damages but reserves the right to recover costs and attorneys' fees to the extent permitted by law.

6.      **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.      Date of Rule 26(f) meeting.

February 6, 2020

b.      Names of each participant and party he/she represented.

A telephone conference was held between counsel for Plaintiff, Barry E. Newman, and counsel for Defendant, Brian T. Maye on February 6, 2020.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will exchange Initial Disclosures on or before March 17, 2020. The parties agree to confer regarding any disputes concerning initial disclosures.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See above.

e.      Statement concerning any agreements to conduct informal discovery:

There are no agreements to conduct informal discovery.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None at this time.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of

disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate there will be a need for substantial discovery of electronically stored information.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties agree to engage in settlement discussions/negotiations informally as the case progresses.

**7.    CONSENT**

The parties DO NOT consent to having a magistrate judge resolve any dispositive motions or conduct the trial in this case.

**8.    DISCOVERY LIMITATIONS**

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

5 fact witness depositions per party.

25 interrogatories, including discrete subparts, pursuant to Fed. R. Civ. P. 33(a)(1).

    b.    Limitations which any party proposes on the length of depositions.

One day of 7 hours of the parties; no more than one day of 4 hours of any non-party witness.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may serve up to 25 requests for production and/or 25 requests for admission.

    d.    Deadline for Interrogatories, Requests for Production of Documents and/or Admissions:

45 days before discovery cut off.

e.      Other Planning or Discovery Orders

Plaintiff anticipates asking Defendant to produce its training and procedure manuals regarding its flight attendants, and to identify its flight attendants and potential witnesses seated near Plaintiff. Plaintiff appreciates the need for a Protective Order regarding Confidentiality and will cooperate if reasonably tailored. Defendant may seek a Rule 35, F.R.C.P., exam of the Plaintiff.  Plaintiff anticipates asking for an inspection of the subject service cart.

9.      **CASE PLAN AND SCHEDULE**

a.      Deadline for Joinder of Parties and Amendment of Pleadings:   May 8, 2020

b.      Discovery Cut-off:      December 18, 2020

c.      Dispositive Motion Deadline:  January 18, 2021

d.      Expert Witness Disclosure:

1.      The parties shall identify anticipated fields of expert testimony, if any:

**Plaintiff**:  If liability remains contested, Plaintiff anticipates presenting the testimony of an expert flight attendant to explain the relevant reasonable duty of care and negligence. Plaintiff will call an Orthopedic Surgeon and/or his treating providers to provide expert testimony, to explain his injuries and the care he received, his diagnosis, prognosis and the need for future care. Plaintiff reserves the right to designate rebuttal experts, if necessary.

**Defendant**:    Defendant anticipates expert testimony in orthopedic surgery and all fields in which Plaintiff designates expert testimony. Defendant may also rely on Plaintiff's treating providers to provide expert testimony, pursuant to F.R.C.P. 26(a)(2)(C). Defendant reserves the right to designate additional experts, if warranted.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Neither party shall name more than one retained expert in a particular field.

3.      The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

September 18, 2020 (Plaintiffs)

October 19, 2020 (Defendant)

November 19, 2020 (Plaintiff's Rebuttal – if any)

4.      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

The parties have agreed to staggered expert reports, and as such, agree that only the Plaintiffs shall be allowed to provide a rebuttal report.  Plaintiffs will serve any rebuttal reports on or before November 19, 2020

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e.      Identification of Persons to Be Deposed:

- Plaintiff
- FRCP 30(b)(6) representative(s) of Defendant;
- Flight attendants involved;
- Certain passengers on the subject flight;
- Plaintiff's treating medical professionals;
- Damages witnesses; and
- Experts.

## 10.    DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:



b.      A final pretrial conference will be held in this case on _____at o'clock

_____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later

than seven (7) days before the final pretrial conference.

## 11.    OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   None.

b.      Anticipated length of trial and whether trial is to the court or jury.

   5-day jury trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301.

   None.

## 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.L Civ.R 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13.    AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

Dated and entered this _____ day of _____ 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Barry E. Newman*
Barry E. Newman
Spohrer & Dodd, P.L.
76 S. Laura Street, Ste 1701
Jacksonville, FL 32202
(904) 309-6500
bnewman@sdlitigation.com

*Attorney for Plaintiff*

*s/ Brian T. Maye*
Brian T. Maye
Meaghan A. Fontein
20 S. Clark St., Suite 2500
Chicago, IL 60603
(312) 345-0700
bmaye@amm-law.com
mfontein@amm-law.com

*Attorneys for Defendant*